## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2018, 11:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John R. Watkins
Arata Law Firm
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Teresa D. Baker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 30, 2018

Court of Appeals Case No.
18A-CR-1025

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1704-CM-217

**Baker, Judge.**

[1] Teresa Baker appeals her conviction for Class A Misdemeanor Operating a Vehicle While Intoxicated,[1] arguing that the trial court erred when it provided the jury with an instruction signed by the arresting officer, and erred when it denied her motion for a mistrial. Finding no error, we affirm.

# Facts

[2] On April 19, 2017, Huntington Police Officer Richard Winter responded to a "wrong way driver" dispatch. The report indicated that an individual was driving westbound down the eastbound lane of US 24 from Roanoke to Huntington.

[3] After driving to the scene, Officer Winter saw a car driving the wrong way down US 24, made a U-Turn, followed the errant car a short distance, and stopped the vehicle. The officer approached the vehicle and asked the driver, Baker, to roll down her window. Once the window was rolled down, he could smell alcohol coming from inside the car. Trial Tr. Vol. II p. 117. Officer Winter informed Baker that she was driving on the wrong side of the road, but Baker claimed she did not know that. *Id.* The officer noticed that Baker's speech was slurred, her eyes were glassy, and her movements overall were slow in response to his questions. Suspecting that she was intoxicated, he asked Baker to step out of the vehicle.

---

[1] Ind. Code § 9-30-5-2(b).

[4] Officer Winter administered three standard field sobriety tests: the horizontal nystagmus test, the walk-and-turn test, and the one-legged stand test. After Baker failed all three tests, Officer Winter concluded that Baker was intoxicated. *Id.* at 130. The officer arrested Baker and transported her to jail.

[5] On April 19, 2017, the State charged Baker with two counts: (1) Class A misdemeanor operating a vehicle with an ACE of .15 or more; and (2) Class A misdemeanor operating a vehicle while intoxicated. On November 7, 2017, the State dismissed the first count. The jury trial took place on January 25 and 26, 2018. During the trial, the trial court provided the jury, over Baker's objection, with a preliminary instruction about the criminal charge that stated, in pertinent part, as follows:

> *Operating While Intoxicated-Endangerment*
> On or about April 19, 2017, in Huntington County, Indiana, said Defendant [Baker] operated a vehicle while intoxicated and in a manner that endangered a person. All of which is contrary to the law of the State of Indiana. Signed: Richard S. Winter, Huntington Police Department

*Id.* at 65.

[6] The jury found Baker guilty as charged. After Baker was sentenced to 365 days with 359 days suspended to probation, the prosecutor, Baker's counsel, and the judge spoke with jurors in the deliberation room. It was revealed that Juror Number 12 had watched videos online about standard field sobriety tests during the trial and that Juror Number 2 had used Google Maps to determine the location of the US 24 highway. Baker immediately moved for a mistrial, claiming that the actions of these jurors constituted improper jury taint that

denied her a fair trial. The trial court denied the motion. Thereafter, on February 8, 2018, Baker filed a motion to correct error, which the trial court later denied. Baker now appeals.

# Discussion and Decision

[7] Baker makes two arguments on appeal: (1) the trial court erred when it provided the jury with an instruction signed by the arresting officer; and (2) the trial court erred when it denied her motion for a mistrial. We will address each argument in turn.

# I. Improper Instruction

[8] First, Baker argues that the trial court erred when it provided the jury with an instruction signed by the arresting officer. We will reverse based on a jury instruction only if the instruction given is erroneous and, taken as a whole, misstates the law or otherwise misleads the jury. *Mayes v. State*, 744 N.E.2d 390, 394 (Ind. 2001).

[9] As a general matter, any error in instructing the jury is subject to the harmless error analysis. *Randolph v. State*, 802 N.E.2d 1008, 1011 (Ind. Ct. App. 2004). Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the instruction would not likely have affected the jury verdict. *Dixson v. State*, 22 N.E.3d 836, 840 (Ind. Ct. App. 2014). An instruction error will result in reversal only when the reviewing court cannot say with complete confidence that a reasonable jury would have

rendered a guilty verdict had the instruction not been given. *Dill v. State*, 741 N.E.2d 1230, 1233 (Ind. 2001).

[10] Baker takes issue with the fact that the instruction informing the jury about the charge against her is signed by Officer Winter. To Baker, the instruction appears to definitively affirm that Baker is guilty of the alleged charge. Trial Tr. Vol. II p. 65. Officer Winter is also a witness in the case and testified about what happened on the night Baker was arrested. Baker claims that Officer Winter is acting as both witness and juror in this case because he not only testified about what happened that night, but he has also "decided" an ultimate issue at trial—namely, whether Baker was operating a vehicle while intoxicated—by signing the jury instruction.

[11] Assuming for argument's sake that the inclusion of this signature was erroneous, we find that any error was harmless. The record contains a wealth of evidence supporting Baker's guilt, including Officer Winter's testimony, proof that Baker failed three separate sobriety tests during the traffic stop, and corroborating testimony from other officers who assisted Officer Winter with the arrest and administration of the sobriety tests. Trial Tr. Vol. II p. 75-82. We find that a reasonable jury would have rendered a guilty verdict notwithstanding the inclusion of the jury instruction signed by Officer Winter. In other words, we find that the instruction would not likely have affected the verdict. Therefore, the trial court's introduction of this jury instruction was harmless error.

[12] However, we advise trial courts against including references to signatures of arresting officers in jury instructions. Not only could the inclusion have a prejudicial effect on jurors in future cases where the evidence is ambiguous, but the inclusion is unnecessary and potentially distracting. Nevertheless, we hold that the trial court's manner of instructing the jury as it pertains to the statement signed by Officer Winter was at most harmless error, and we decline to reverse.

# II. Juror Misconduct

[13] Second, Baker argues that the trial court erred when it denied her motion for a mistrial. In *Ramirez v. State*, 7 N.E.3d 933 (Ind. 2014), our Supreme Court established the test for defendants seeking a mistrial for suspected jury taint. Defendants are entitled to the presumption of juror prejudice only after showing that: (1) there was extra-judicial contact or communications between jurors and unauthorized persons; and (2) the contact or communications pertained to a matter before the jury. *Id.* at 939. If the defendant satisfies both prongs, she receives the presumption of prejudice. *Id.* The burden then shifts to the State, which must rebut the presumption by showing that any contact or communication was harmless. *Id.* If the State does not rebut the presumption, the trial court must grant a new trial. *Id.*

[14] Baker claims that when Juror Number 12 and Juror Number 2 sought out information on the Internet, they committed juror misconduct that denied her a fair trial. Juror Number 12 watched online videos about standard field sobriety

tests, and Juror Number 2 accessed Google Maps to reference where US 24 was located.

[15] In its order on the motion to correct error, the trial court found that the first prong of the *Ramirez* test was met because the jurors consulted Internet sources, which constituted extra-judicial communications;[2] and the second prong of the *Ramirez* test was met because the communications pertained to matters before the jury. Appellant's App. Vol. II p. 145-46. Therefore, Baker was entitled to the rebuttable presumption of prejudice, and the burden then shifted to the State.[3]

[16] Baker argues that the trial court erred by finding that the State failed to rebut the presumption of prejudice. We disagree. First, we note that the State offered the testimony of Juror Number 12, who said that her decision to look at the online videos was not a "primary decision [in] making [a] finding [of] guilt[y] or not guilt[y] for the Defendant." Hearing Tr. Vol. II p. 213; *see also Ramirez*, 7

---

[2] The trial court could not identify a case that directly established that jurors who conduct Internet searches are engaged in extra-judicial communications. Appellant's App. Vol. II p. 145. However, the trial court referenced *Bisard v. State*, 26 N.E.3d 1060 (Ind. Ct. App. 2015), in which we held that a named juror "committed juror misconduct by performing an internet search on the reliability of blood tests," *id*. at 1069, as heavily persuasive.

[3] Baker also argues in the alternative that irrebuttable prejudice occurred and that she is entitled to a mistrial because the juror misconduct "fundamentally compromise[d] the appearance of juror neutrality." Appellant's Br. p. 7. Since the trial court found that both parts of the *Ramirez* test were met, and that Baker was entitled to the rebuttable presumption of prejudice, we decline to address Baker's argument in the alternative. Baker's argument in the alternative is only available if both prongs of the *Ramirez* test are not satisfied.

N.E.3d at 941 (holding that a trial court may rely on a juror's own statements of impartiality in misconduct investigations).

[17] Additionally, at trial, the jury saw multiple maps detailing the location of the incident and heard multiple witnesses testify about the location, the field sobriety tests, and Baker's failure on all three tests. Therefore, any extra-judicial research conducted by the jurors was cumulative in nature, and consequently, harmless. *Id*. at 213. The trial court admonished the jurors for engaging in juror misconduct but ultimately found that "the contact or communications are simple misconduct and were harmless." Appellant's App. Vol. II p. 146. We find no error in this conclusion, and we decline to reverse on this basis.

[18] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.